**NOT SCHEDULED FOR ORAL ARGUMENT**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

| | |
|---|---|
| IOWA ENVIRONMENTAL COUNCIL, et al.,<br><br>*Petitioners*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>*Respondents*. | Case No. 26-3374 |

**RESPONDENTS' OPPOSITION TO PETITIONERS' MOTION TO SUPPLEMENT**

This Court should deny Petitioners' Motion to Supplement their Emergency Motion for Stay (ECF No. 5708597) with additional declarations because those declarations are proffered for improper reasons in this record-review case. Petitioners offer these three new declarations to challenge "the accuracy of scientific claims relied upon by the Army and the Environmental Protection Agency" and to show "the lack of data" supporting the Permit's conditions. Mot. at 2. While declarations may be proffered to speak to standing, irreparable harm,

or balance of the equities,[1] they cannot be used to discredit the merits in this case. The Administrative Procedure Act, which provides the applicable standard of review, forbids those uses.

Petitioners challenge EPA's permit decision pursuant to the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6976. Pet. for Review, ECF No. 5708024. And Section 6976(b) provides that the APA's standard of review applies. 42 U.S.C. § 6976(b) (citing 5 U.S.C. § 706). It is "well established" that under the APA standard of review, judicial review is "limited to the administrative record that was before the agency when it made its decision." *Voyageurs Nat'l Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004); *see also Mueller v. EPA*, 993 F.2d 1354, 1356 (8th Cir. 1993) (setting forth extremely deferential standard of review for reviewing RCRA permits). This means that this Court's evaluation of EPA's permit decision is limited to the administrative record already in existence, "not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Voyageurs*, 381 F.3d at 766; *Newton Cnty. Wildlife Ass'n v. Rogers*, 141 F.3d 803, 807-08 (8th Cir. 1998). This foundational rule of administrative law does not relax simply because Petitioners

---

[1] *See, e.g.*, Stay Mot., Ex. D (providing declarations to support standing and irreparable harm); Stay Opp'n, ECF No. 5708599 (providing declarations to address the balance-of-equities stay factor).

seek interim relief. Their likelihood of success is measured against the same record on which the merits will be decided.

Indeed, Petitioners do not dispute the applicable standard of review. *See* Stay Mot. at 10, ECF No. 5708039 (stating that the APA standard applies); *see generally* Mot. (providing no rationale for why these three new declarations are permissible under the APA). Petitioners' assertions that these declarations are "material" and nonprejudicial because they "corroborate facts and arguments already before the Court," Mot. at 2, do not rise to the level of "extraordinary circumstances" that warrant an exception to this foundational rule, *Voyageurs*, 381 F.3d at 766. Rather, Petitioners must demonstrate a "strong showing of bad faith or improper behavior." *Id.* They have not attempted to meet their burden to include extra-record declarations. *See generally* Mot. (making no such showing).

Petitioners' extra-record declarations are also improper because they contain expert testimony. "When specialists express conflicting views, an agency must have discretion to rely on the reasonable opinions of its own qualified experts even if, as an original matter, a court might find contrary views more persuasive." *Marsh v. Or. Nat. Res. Council*, 490 U.S. 360, 378 (1989). On scientific questions within an agency's expertise, a court "must generally be at its most deferential," *Balt. Gas & Elec. Co. v. NRDC*, 462 U.S. 87, 103 (1983), and may not substitute its judgment for the agency's, *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto.*

*Ins. Co.*, 463 U.S. 29, 43 (1983); *accord Missouri ex rel. Bailey v. U.S. Dep't of Interior*, 73 F.4th 570, 581 (8th Cir. 2023). Whether delay would worsen the hazard posed by degraded lead azide is a judgment for the agencies' explosives and public health experts. Competing affidavits prepared after EPA's permit decision cannot and should not displace it.

Accordingly, this Court should reject Petitioners' attempt to include three new declarations that seek to address the scientific and technical merits of EPA's permit decision and to present expert testimony. *See* Mot. at 2. These declarations—prepared after EPA's permit decision—are plainly outside the record for judicial review.

The Court should deny the motion.

Respectfully submitted,


ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

/s/ David Mitchell
DAVID D. MITCHELL
Environmental Defense Section
Energy and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 598-9737
david.mitchell@usdoj.gov

*Of Counsel:*
LAUREL CELESTE
Office of the General Counsel
U.S. Environmental Protection Agency
Washington, D.C.

JARED PESSETTO
Office of Regional Counsel
U.S. Environmental Protection Agency
Lenexa, Kansas


Dated: November 22, 2026

*Counsel for Respondents*

**CERTIFICATES OF COMPLIANCE AND SERVICE**

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) this document contains 667 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

3. Lastly, I certify that I served the foregoing opposition motion on all registered counsel through the Court's electronic filing system (CM/ECF).

/s/ *David Mitchell*
DAVID MITCHELL

*Counsel for Respondents*